IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSHAWN ABRAM,<br><br>        Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services; DON KLEINE, Douglas County Attorney; BRENDA BEADLE, Chief Deputy County Attorney; CAPTAIN SELLERS, Douglas County Court Services Bureau; MIKE MYERS, Warden of the Douglas County Jail; BARB LEWIEN, Warden of Community Correction Center of Lincoln; and FRED BRITTEN, Warden, Diagnostic and Evaluation Center, Lincoln;<br><br>        Defendants. | 8:20CV437<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the court's own motion. On October 21, 2020, the court denied Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP") (filing 2) because Plaintiff had already paid the "full amount of the court's $350.00 filing fee on November 19, 2020." (Filing 8.) The court now vacates its order denying Plaintiff's IFP motion pursuant to Fed. R. Civ. P. 60(a)[1] as the court referenced an incorrect date and Plaintiff has not paid the $50 court administrative fee required of non-IFP plaintiffs. Upon further consideration of Plaintiff's IFP

---

[1] Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a . . . order."

motion (filing 2) and certified copy of Plaintiff's trust account information (filing 3), Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the court's $350.00 filing fee, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Here, Plaintiff has already paid the $350 filing fee.

IT IS THEREFORE ORDERED that:

1. The court's October 21, 2020 Order (filing 8) is vacated.

2. Plaintiff's Motion for Leave to Proceed IFP (filing 2) is granted and plaintiff will be proceeding IFP from this point forward in the case.

3. Plaintiff is advised that the next step in Plaintiff's case will be for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

Dated this 26th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge